USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/27/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN YAN LUIS, *on behalf of all others similarly situated*,

Plaintiff,

-against-

ALPACA COLLECTIONS,

Defendant.

1:23-cv-3341-MKV

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff initiated this action by filing a complaint on April 20, 2023. [ECF No. 1.] After there was no activity in the case, including no responsive pleading by Defendant, on September 4, 2023, the Court issued an Order, directing Plaintiff to show cause "why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure" and putting Plaintiff "on notice that he is ultimately responsible for prosecuting his case, and [that] this case may be dismissed because of her chosen counsel's failure to prosecute her case." [ECF No. 7.]

Plaintiff filed no response to the Court's September 4 order, and Plaintiff took no other action to move the case forward. Accordingly, on October 4, 2023, the Court issued a **second** Order to Show Cause, again warning Plaintiff that "he is ultimately responsible for prosecuting his case" and noting that "this case may be dismissed because of his chosen counsel's failure to comply with court orders and prosecute her case." [ECF No. 8.]

Again, Plaintiff filed no response to the Court's second Order to Show Cause, and Plaintiff took no other action to move the case forward. Accordingly, on November 6, 2023 the Court issued a **third** Order to Show Cause, expressly stating that "Plaintiff **has not prosecuted this case for over three months**," and ordered that, **by November 24, 2023**, "Plaintiff shall file a letter showing cause why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules

of Civil Procedure." [ECF No. 9.] The Court warned that "**[t]his [was] Plaintiff's <u>final notice</u> that he is ultimately responsible for prosecuting his case, and that failure to comply with this Court's orders <u>will result in dismissal</u> of his case because of his chosen counsel's failure to prosecute his case.** [ECF No. 9.] To date, Plaintiff has failed to file a response to any of the Court's **three Orders to Show Cause**.

Federal Rule of Civil Procedure 41(b) empowers district courts to dismiss a case where "the plaintiff fails to prosecute or . . . comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). District courts may dismiss for failure to prosecute *sua sponte*. *Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001).

The Second Circuit has explained that "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). The Second Circuit applies five factors in determining whether a case was properly dismissed for failure to prosecute: (i) the duration of plaintiff's failure; (ii) whether plaintiff was on notice that failure to comply would result in dismissal; (iii) whether defendants are likely to be prejudiced by further delay; (iv) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (v) whether the court has adequately considered a sanction less drastic than dismissal. *See, e.g., Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). No one factor is dispositive. *Id.*

Considering these five factors, the Court finds that dismissal is appropriate in this case. First, Plaintiff's conduct has caused this matter to drag on—without Defendant so much as appearing—for over seven months. *See Chavis v. City of New York*, No. 17-CV-9518, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, No. 17-CV-9518, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018) (dismissing action where "the delay in the

prosecution" was "solely attributable to plaintiff" and "persisted for four months"). Second, Plaintiff was warned on three separate occasions that further delays could result in dismissal. [ECF Nos. 6, 9, 13, 16.] Third, a federal action has been pending against Defendant for over seven months, and it is entitled to resolution. Fourth, the Court's interest in efficiently managing its docket outweighs Plaintiff's interest in a chance to be heard. Indeed, Plaintiff showed no interest in being heard since he has ignored the Court's numerous warnings and admonitions. "[I]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Davison v. Grillo*, No. 05-CV-4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006). Finally, the Court has no reason to believe that any lesser sanction would alter Plaintiff's behavior, particularly given the Court's *repeated* warnings. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008) ("[I]n light of Ruzsa's failure to respond to the notice threatening dismissal, it is . . . unclear that a lesser sanction would have proved effective in this case." (quotation marks omitted)).

Accordingly, this case is DISMISSED for failure to prosecute. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date: **November 27, 2023**
**New York, NY**

                                              **MARY KAY VYSKOCIL**
                                              **United States District Judge**